

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-707

BRADLEY RANEY

APPELLANT

V.

ARKANSAS DEPARTMENT OF
HUMAN SERVICES and MINOR
CHILD

APPELLEES

**Opinion Delivered** December 18, 2013

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT,
EIGHTH DIVISION
[NO. JN2012-561]

HONORABLE WILEY A. BRANTON,
JR., JUDGE

AFFIRMED; MOTION TO
WITHDRAW GRANTED

**ROBIN F. WYNNE, Judge**

Bradley Raney appeals from the termination of his parental rights to his son, B.R. His counsel has filed a motion to withdraw and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(i) (2013). As required by Rule 6-9(i)(3), the clerk of this court mailed Raney a copy of counsel's brief and notified him that pro se points for reversal would be due in thirty days, but he did not file any such points. We affirm the trial court's termination of Raney's parental rights and grant counsel's motion to withdraw.

B.R., age three weeks, and his half-sibling, two-year-old M.C.,[1] were taken into emergency custody after a search warrant was executed on Bradley and Heather Raney's

---

[1]B.R. and M.C.'s mother, Heather Raney, is not a party to this appeal. Appellant Bradley Raney is the father of B.R. but is not the father of M.C.

residence while the children were present. The search revealed narcotics and weapons; appellant and his wife were arrested and charged with maintaining a drug premises, possession of methamphetamine and drug paraphernalia, and two counts of endangering the welfare of a minor. There were also environmental issues with the home.

The Arkansas Department of Humans Services (DHS) filed a petition for termination of parental rights alleging as grounds for termination of appellant's parental rights that (1) other factors or issues had arisen subsequent to the original petition for dependency–neglect[2] and (2) that he had been found to have subjected a juvenile to aggravated circumstances.[3] At the time of the termination hearing, appellant admittedly had not completed any type of drug treatment or submitted to a psychological evaluation. Since this DHS case began, appellant had been arrested for domestic battery of his wife and for violating a protective order held by the mother of his older child. In addition, the criminal charges appellant faced remained unresolved at the time of the termination hearing.

In the order terminating parental rights, the court found that it was in B.R.'s best interest to terminate appellant's parental rights, considering the likelihood of adoption and the potential harm caused by return to appellant's custody. The court made specific findings regarding appellant's eleventh-hour compliance with the case plan, his failure to complete the psychological evaluation despite specific orders to do so, the importance of the psychological evaluation given his history of criminal convictions and domestic violence, and the high risk of relapse based on his significant history of substance abuse, which remained untreated. The

[2]Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)(*a*) (Supp. 2011).

[3]Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)(*3*)(*B*)(*i*).

court further found that appellant had subjected his son to aggravated circumstances in that it was unlikely that continued services would result in reunification, noting appellant's willful refusal to complete essential reunification services. As for the "other factors" that prevented return to appellant's custody, the court noted that appellant had been arrested twice since the case was opened.

Counsel states that the court's findings in support of termination were not clearly erroneous, and we agree. Regarding best interest, there was testimony by the adoption specialist that B.R. was highly adoptable and there was ample evidence of the potential harm caused by returning B.R. to appellant's custody. Appellant had made some progress toward the end of the case, but he had not followed the case plan in crucial respects (drug treatment and psychological evaluation) and had not demonstrated that he would be able to provide a stable home. Counsel adequately explains why the trial court's findings are supported by law and sufficient facts and any argument for reversal would be frivolous and correctly states that there were no other adverse rulings at the termination hearing.

After carefully examining the record and counsel's brief, we hold that counsel has complied with the requirements for no-merit briefs and that the appeal is wholly without merit. Therefore, we affirm the termination order and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

HIXSON and BROWN, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.